### THE DEL NORTE.

(District Court, N. D. California, First Division.    June 9, 1916.)

#### No. 15874.

Shipping ☞141(3)—Loss of Cargo—Liability of Vessel.

Goods shipped on a lumber steamer from a port on the coast north to San Francisco under a bill of lading exempting the vessel from liability for loss from perils of the sea were washed overboard with the deck load of lumber and lost during a storm of unusual severity. *Held*, that the vessel was not rendered liable for the loss because the goods were stowed on deck instead of in the hold, where that was the general custom of such vessels which first filled their holds with lumber and stowed such merchandise as might be offered with or on the deck load, which custom was binding on the shippers whether they knew of it or not.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 498; Dec. Dig. ☞141(3).]

In Admiralty. Suit by James L. Hansen against the steamer Del Norte. Decree for respondent.

Andros & Hengstler and G. W. Bell, all of San Francisco, Cal., for libelant.

Titus, Creed, Jones & Dall, of San Francisco, Cal., for claimant.

DOOLING, District Judge. Libelant shipped from Crescent City on the steamer Del Norte certain boxes containing books, papers, and a typewriter. There was issued to him a bill of lading as follows:

"Received in good order to steamer Del Norte the following packages, contents unknown, to be delivered at S. F., dangers of fire and navigation, or any other accident or danger of the seas, rivers or steam navigation of whatever kind or nature soever excepted."

The Del Norte is a lumber carrier, which makes the trip down the coast loaded with lumber both in the hold and on deck, and the trip up the coast with such general cargo as it can secure.

The boxes here in question were stowed on top of the deck load of lumber and were washed overboard with the lumber in a severe storm. Libelant claims that the vessel is liable: (1) Because the boxes were not stowed in the hold; (2) because of improper stowage on deck, even if the ship were permitted to stow them on the deck; and (3) because the storm was not an unusually severe one. But it was clearly established that there is and has been for years a general custom among the lumber carriers on the coast, plying between San Fran-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cisco and the North Coast ports to fill the hold with lumber on the down trips, and stow such merchandise as is offered for carriage, with or on the lumber which is carried as a deck load. On the up trip, there being no lumber to carry, the general merchandise is stowed in the hold. The carriage of cargo other than lumber on the down trip is for the convenience of the shippers, as the primary business of these vessels is to carry lumber, and the custom of stowing on deck is not an unreasonable one, as the other cargo is received only after the lumber is stowed. It may be true that libelant had no knowledge of this custom, but he is bound by it nevertheless. Hostetter v. Park, 137 U. S. 30, 11 Sup. Ct. 1, 34 L. Ed. 568. The deck load was not improperly stowed, the storm was unusually severe, and the loss falls within the exception in the bill of lading, being due to a danger of the sea.

The libel must therefore be dismissed, and it is so ordered.